Matter of Hall (2019 NY Slip Op 06963)





Matter of Hall


2019 NY Slip Op 06963


Decided on September 27, 2019


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Sept. 27, 2019.)


&em;

[*1]MATTER OF CHYREL N. HALL, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by the Second Department on March 28, 2001, and she formerly maintained an office in Rochester. By order entered December 5, 2017, this Court suspended respondent from the practice of law during the pendency of a disciplinary investigation, pursuant to 22 NYCRR 1240.9 (a), based on uncontroverted proof that she made false or misleading statements on her law firm website and failed to respond to a lawful demand of the Grievance Committee. The Grievance Committee thereafter filed a petition alleging against respondent three charges of professional misconduct, including neglecting two client matters, failing to keep those clients informed about their matters, and failing to cooperate in the investigation of the Grievance Committee. Although respondent was personally served with the petition in April 2018, she failed to file an answer thereto or to request from this Court an extension of time in which to do so. The Grievance Committee subsequently filed a motion for an order, pursuant to 22 NYCRR 1020.8 (c) and 1240.8 (a) (6), finding respondent in default, deeming admitted the material allegations of the petition, and imposing discipline upon respondent. Although respondent was personally served with the motion on May 6, 2019, and her personal appearance was required on the return date thereof pursuant to section 1020.8 (c), she failed to file a response to the motion or to appear on the return date. Consequently, we grant the motion of the Grievance Committee, find respondent in default, and deem admitted the charges of misconduct.
With respect to charge one, respondent admits that, in May 2016, she accepted legal fees in the total amount of $2,130 from two clients and thereafter failed to perform the work for which she was retained, failed to respond to the clients' requests for information regarding their matters, and failed to return any unearned legal fees to the clients.
With respect to charge two, respondent admits that, in September and October 2017, she failed to respond to the Grievance Committee's requests for information and documentation concerning the allegations in charge one. Respondent also admits that she asserted that the Grievance Committee lacked authority to question the legal fees she had charged to the clients.
With respect to charge three, respondent admits that, before she was suspended on an interim basis in December 2017, she used her law firm website to solicit donations to a fund entitled "law firm support fund for indigent clients and attorneys" and that any such donations would have been deposited into a bank account in her own name. Respondent also admits that, although her website stated that her law firm was "a New York firm, with Arizona PLLC" that maintained "satellite offices" in Oklahoma, she was not admitted to practice law in Arizona or Oklahoma.
We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to her;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on her fitness as a lawyer.
In determining an appropriate sanction, we have considered the nature of respondent's admitted misconduct, which includes direct harm to two clients, and her failure to participate in [*2]this proceeding. Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, she must sufficiently explain in her application for reinstatement the circumstances of her default in this matter and establish that she has refunded all unearned legal fees owed to the clients specified in the petition.